◼ DEANNA FENTON et al., Appellants, v ST. LAWRENCE COUNTY et al., Respondents. [828 NYS2d 647]—

Mercure, J. Appeal from an order and judgment of the Supreme Court (Demarest, J.), entered October 12, 2005 in St. Lawrence County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

In 1995, plaintiffs and C. Kevin McDonough were employed by defendant St. Lawrence County as personnel technicians. Plaintiffs were paid significantly less than McDonough because plaintiffs' salaries were determined according to a grade-step schedule as stated in a Civil Service Employees Association contract, whereas McDonough's salary had been "red lined," i.e., maintained at the level of his previous higher salaried position, when he was twice demoted to lower-paying positions. As a result, McDonough was paid at the personnel officer level, while plaintiffs were paid at the personnel technician level. Plaintiffs complained to their supervisors about their salary classification and the pay discrepancy between themselves and McDonough and initiated a desk audit, which led to an increase in their pay grade but did not reduce the salary discrepancy.

Thereafter, plaintiffs filed a complaint with the Equal Employment Opportunity Commission. They assert that after the filing, they were subject to acts of retaliation such as their placement under the direct supervision of McDonough, being moved from a private office to a cubicle, and harassing remarks. The Equal Employment Opportunity Commission subsequently issued a right to sue letter and plaintiffs commenced this action seeking compensation for gender discrimination. Following joinder of issue, Supreme Court granted defendants' motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for summary judgment. Plaintiffs appeal and we now affirm.

Plaintiffs contend that defendants did not meet their burden of establishing an affirmative defense under the Equal Pay Act of 1963 (see 29 USC § 206 [d], as added by Pub L 88-38, 77 US Stat 56) and that, even assuming a defense was established, the claimed defense was pretextual. To establish a cause of action under the Act, a plaintiff must "establish a prima facie case of wage discrimination by demonstrating that: (1) the employer pays different wages to employees of the opposite sex; (2) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; [and] (3) the jobs are performed under similar working conditions" (*Aldrich v Randolph Cent. School Dist.*, 963 F2d 520, 524 [2d Cir 1992], *cert denied* 506 US 965 [1992]; *see Corning Glass Works v Brennan*, 417 US 188, 195 [1974]). Defendants concede that plaintiffs established a prima facie case and, thus, that the burden shifted to them to demonstrate that the pay disparity was justified pursuant to an available defense under the Act, specifically that the wage differential was due to "any other factor other than sex" (29 USC § 206 [d] [1] [iv]; *see Corning Glass Works v Brennan, supra* at 196).

They maintain, however, that they met their burden by establishing that plaintiffs' salaries were lower than McDonough's because his salary was "red lined" or "red circled" for legitimate business reasons. We agree.

"The term 'red circle' rate is used to describe certain unusual, higher than normal, wage rates which are maintained for reasons unrelated to sex" (29 CFR 1620.26 [a]). When undertaken for legitimate business reasons, the practice of red circling, which may result in the maintenance of an employee's salary at a higher rate despite a decrease in the employee's responsibilities or duties, is a "factor other than sex" that qualifies as an affirmative defense under the Act (29 USC § 206 [d] [1] [iv]; see Timmer v Michigan Dept. of Commerce, 104 F3d 833, 844-845 [6th Cir 1997]; Mulhall v Advance Sec., Inc., 19 F3d 586, 595-596 [11th Cir 1994], cert denied 513 US 919 [1994]; Gosa v Bryce Hosp., 780 F2d 917, 918 [11th Cir 1986]; Christiana v Metropolitan Life Ins. Co., 839 F Supp 248, 253-254 [SD NY 1993]).

Here, although there was no written policy, defendants submitted evidence of a policy and past practice of red circling the salaries of employees who were moved into lower-paying positions due to negotiated demotions or restructuring, and that this policy resulted in McDonough's salary being maintained at his personnel officer rate when he was moved into lower-paying positions. Defendants used the practice to avoid financially injuring downgraded employees and red circled the salaries of both male and female employees. This evidence established the requisite affirmative defense, shifting the burden to plaintiffs to raise a triable issue of fact regarding whether defendants' practice of red circling was a pretext for gender discrimination (see Timmer v Michigan Dept. of Commerce, supra at 844). In our view, plaintiffs failed to meet their burden.

The evidence presented that some female employees were demoted without red circling is not relevant here. Unlike McDonough and other female employees whose salaries were red circled upon negotiated demotions, the employees referred to by plaintiffs requested to give up promotions in favor of former, lower-paying jobs. Moreover, plaintiffs' reliance upon a 1995 resolution that red circled the salaries of six male attorneys is misplaced inasmuch as that resolution also resulted in some female attorneys receiving more favorable treatment than their male counterparts. In short, plaintiffs failed to raise a question of fact regarding whether defendants' practice of red circling was a mere pretext for gender discrimination and, thus, Supreme Court properly determined that defendants were

entitled to summary judgment on plaintiffs' claims under the Act. Further, in the absence of any evidence giving rise to an inference of discriminatory intent or impact, plaintiffs' claim of discrimination in violation of title VII of the Civil Rights Act of 1964 fails (*see* 42 USC § 2000e-2 [h]; *Burniche v General Elec. Automation Servs., Inc.*, 306 F Supp 2d 233, 241-242 [ND NY 2004]), as do their claims under the Human Rights Law, the Civil Rights Law and 42 USC § 1983 (*see* Executive Law § 291 [1]; Civil Rights Law § 40-c [2]; *Williams v Anderson*, 562 F2d 1081, 1086 [8th Cir 1977]; *see generally Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]).

Finally, Supreme Court properly dismissed plaintiffs' claims under the First Amendment of the US Constitution and the New York Whistleblower's Law (*see* Civil Service Law § 75-b). To prove a violation thereunder, plaintiffs must demonstrate that they suffered an adverse employment action in retaliation for protected speech (*see* Civil Service Law § 75-b [2] [a]; *Sagendorf-Teal v County of Rensselaer*, 100 F3d 270, 274 [2d Cir 1996]; *Verbeek v Teller*, 158 F Supp 2d 267, 278 [ED NY 2001]). Even assuming that plaintiffs could demonstrate protected speech and that the other requirements of Civil Service Law § 75-b were met, their assertions that they were subject to snide or annoying comments, loss of private office space, increased scrutiny by supervisors and minor alterations of job responsibilities are insufficient to establish prima facie that they suffered the requisite adverse employment action (*see* Civil Service Law § 75-b [1] [d]; *see also Forrest v Jewish Guild for the Blind, supra* at 306).

Plaintiffs' remaining arguments, to the extent that they are not rendered academic by our decision, have been considered and found to be lacking in merit.

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order and judgment is affirmed, without costs.